a proceeding to revoke an architect's license on the grounds of gross incompetency in the construction of buildings and of dishonest practices as a licensed architect is insufficient where it sets forth that the incompetency was in connection with the sale of four sets of plans of two buildings, but affirmatively alleges that he did not draw the plans and did not supervise the drawing, and fails to allege that he approved them, while it does allege that he knew that the plans were improperly and insufficiently drawn for the purposes for which they were intended.

3. ARCHITECTS AND ENGINEERS, § 1a*—*what does not constitute dishonest practice by architect.* A single transaction, although consisting of the sale of four sets of plans of two buildings, does not constitute "dishonest practices" within the meaning of the Architects' Licensing Act (J. & A. ¶ 484).

4. ARCHITECTS AND ENGINEERS, § 1a*—*when citation in proceeding to revoke architect's license is insufficient.* A citation issued in a proceeding to revoke an architect's license for "dishonest practices" is insufficient where it fails either to allege a fraudulent intent on his part or to set up facts from which such fraudulent intent may be inferred.

---

## National Surety Company, Appellee, v. Charles D. Stone & Company, Appellant.

### Gen. No. 23,113.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed with finding of facts. Opinion filed January 31, 1918.

### Statement of the Case.

Action by National Surety Company, a corporation, plaintiff, against Charles D. Stone & Company, a corporation, defendant, to recover on a written agreement of defendant to save plaintiff harmless on surety bonds executed by it for defendant. From a judgment for plaintiff for $300, defendant appeals.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

National Surety Co. v. Stone & Co., 209 Ill. App. 456.

BAKER & HOLDER, for appellant.

WILLIAM R. MEDARIS, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

INDEMNITY, § 11*—*when agreement to indemnify surety construed as not including liability on bonds not requested.* In an action by a surety company to recover on a written agreement by which defendant applied to have the company furnish all bonds which he "requested," and which states that defendant "requests" the company to become surety on the bonds "above applied for," and that he agrees to save the company harmless, no recovery can be had for a loss on a bond which was not requested in the written application and which defendant did not request plaintiff to furnish, where there is also no course of dealing shown from which such request might be implied nor any custom from which it might be inferred, nor circumstances estopping defendant to deny the making of the request.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.